<div style="column-count:2">

Clay M. Taylor
Bryan C. Assink
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: bryan.assink@bondsellis.com

**Attorneys for James Dondero**

Daniel P. Elms
State Bar No. 24002049
GREENBERG TRAURIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
(214) 665-3600 telephone
(214) 665-3601 facsimile
Email: elmsd@gtlaw.com

**Attorneys for Nancy Dondero**

Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email: drukavina@munsch.com

**Attorneys for NexPoint Advisors, L.P. and**
**Highland Capital Management Fund Advisors, L.P.**

Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

**Attorneys for James Dondero, Nancy Dondero,**
**Highland Capital Management Services, Inc. and**
**NexPoint Real Estate Partners, LLC**

Douglas S. Draper (La. Bar No. 5073)
Leslie A. Collins (La. Bar No. 14891)
Greta M. Brouphy (La. Bar No. 26216)
HELLER, DRAPER & HORN, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
(504) 299-3300 telephone
(504) 299-3399 facsimile
Email: ddraper@hellerdraper.com
Email: lcollins@hellerdraper.com
Email: gbrouphy@hellerdraper.com

**Attorneys for The Dugaboy Investment Trust**

</div>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Adv. Proc. No. 21-03005-sgj |
| § | |
| NEXPOINT ADVISORS, L.P., JAMES DONDERO, § | Case No. 3:21-cv-00880-C |
| NANCY DONDERO, AND THE DUGABOY § | |
| INVESTMENT TRUST, § | |
| § | |
| Defendants. § | |

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.,<br><br>Defendants. | § § § § § § § § § § § § | Adv. Proc. No. 21-03004-sgj<br><br>Case No. 3:21-cv-00881-X |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br><br>Defendants. | § § § § § § § § § § § | Adv. Proc. No. 21-03003-sgj<br><br>Case No. 3:21-cv-01010-E |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>PLAINTIFF,<br><br>VS.<br><br>HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br><br>Defendants. | § § § § § § § § § § § § § § | Adv. Proc. No. 21-03006-sgj<br><br>Case No. 3:21-cv-01378-N |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>PLAINTIFF,<br><br>VS.<br><br>HCRE PARTNERS, LLC (N/K/A NEXPOINT REAL ESTATE PARTNERS, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br><br>Defendants. | § § § § § § § § § § § § § | Adv. Proc. No. 21-03007-sgj<br><br>Case No. 3:21-cv-01379-X |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO CONSOLIDATE THE NOTE CASES

Defendants[1] file this Motion to Consolidate the above-captioned cases and request that this Court consolidate them (collectively, the "Note Cases") into Case No. 3:21-cv-00881, to be heard by the Honorable Judge Starr. Defendants state the following in support:

### I.   PRELIMINARY STATEMENT

1. The Note Cases all concern promissory notes reflecting loans made by Plaintiff Highland Capital Management, L.P., who is also the Debtor in Case No 19-34054-sgj11 pending in the United States Bankruptcy Court for the Northern District of Texas (the "Highland Bankruptcy") ("Plaintiff-Debtor"). All but one have similar defenses. Although Defendants had agreed with Plaintiff-Debtor that consolidation was generally warranted, Plaintiff-Debtor moved solely in Case No. 3:21-cv-1010 to consolidate the Note Cases into that case, submitting their motion to consolidate only in that case, purposefully leaving the other judges in the dark. Plaintiff-Debtor's motion is an improper application of the "first to file" rule and does not promote judicial efficiency in light of the fact that the Honorable Judge Starr has already been assigned two of the five above-captioned cases.[2] Because Judge Starr already presides over the lowest-numbered case in Dallas and he already has been assigned two of the five substantially-related Note Cases, as well as several other cases arising out of the Highland bankruptcy,[3] judicial efficiency is best served if he were to hear all the Note Cases under Fed. R. Civ. P. 42(a).[4] Moreover Plaintiff-Debtor's

---

[1] As used herein, the term "Defendants" includes all named Defendants in the above-captioned proceedings, unless otherwise specified.

[2] Judge Starr was assigned cases 3:21-cv-00881-X on April 18, 2021, and 3:21-cv-01379-X on June 14, 2021.

[3] These include cases 3:20-cv-03390-X, 3:21-cv-01173-X, 3:21-cv-01295-X, 3:20-cv-01974-X and 3:21-cv-3088.-X.

[4] Defendant Highland Capital Management Fund Advisors, LP ("HCMFA"), however, reserves the right to seek to have its case tried separately because the issues in that case significantly differ. Because trial of these cases cannot occur until after Debtor's five motions for summary judgment in the Bankruptcy Court are fully resolved, the issue of consolidation for trial does not need to be decided now. For the purposes of review of any report and recommendations

CORE/3522697.0002/171412238.13

lengthy briefing (and almost 4,000 pages of accompanying exhibits) evidence an improper effort to pre-sell its characterization of events because there was no need to demonstrate the appropriateness of consolidation, given Defendants' prior agreement.

## II.    ARGUMENT

2.    Plaintiff-Debtor filed its motion to consolidate solely in case No. 3:21-cv-01010-E.[5] This violated the Fifth Circuit rule that motions to consolidate in the District Court should be made to the court presiding over the first-filed case, with copies filed in each case sought to be consolidated.[6]

3.    In the Fifth Circuit, the first-to-file rule serves to avoid duplicative litigation where multiple cases – even those in the same district but split between several judges – could be combined when they share substantially similar issues.  *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (citing cases and applying the first to file rule to actions split between different judges in the same district).  Further, "…the general rule [is] that the court in which an action is first filed is the appropriate court to determine whether [and where] subsequently filed cases involving substantially similar issues should proceed." *Id.* at 950 (citing cases).  However, Plaintiff-Debtor here seeks to inappropriately apply that rule to consolidate the above-captioned cases in the ***third*** court before which one of these substantially overlapping proceedings is pending.[7]

---

issued by the Bankruptcy Court, HCMFA joins in seeking consolidation of all of the cases before Judge Starr, where its case already pends.

[5] *See*, Case 3:21-cv-01010-E [Doc. 10], Highland Capital Management, L.P.'s Motion to Consolidate Notes Actions.

[6] Per an inquiry to the clerk's office for the Northern District of Texas, Defendants were advised to file this Motion to Consolidate in each of the above-captioned cases so that each presiding Judge would be aware of the Motion.

[7] The Honorable Judge Brown received case 3:21-cv-01010 on May 4, 2021, three weeks after cases 3:21-cv-00880 and 3:21-cv-0880 had been assigned to Judges Cummings and Starr on April 18, 2021.

4.     Plaintiff-Debtor did not merely move to consolidate, Plaintiff-Debtor filed thirty pages of briefing and almost 4,000 pages of exhibits in support of its motion.[8]  Conspicuously absent from Debtor's motion was the fact that Defendants had already ***agreed*** to consolidate the Note Cases for the purposes of review of the reports and recommendations that will arise from Plaintiff-Debtor's soon-to-be-filed motions for summary judgment, and agreed to consolidate four of the five cases for trial,[9] keeping separate only one case – 3:21-cv-00881-X – which raises a significantly different defense.[10]  As such, Plaintiff-Debtor's voluminous briefing detailing its spin on the facts of the Note Cases in the guise of justifying consolidation was, at best, a waste of the Court's time, and at worst, a cynical ploy to get its story out in a way that Defendants would have no opportunity to challenge, unless they too decided to waste the Court's time.

5.     The lowest cause numbers of the Note Cases in the District Court are 3:21-00880 and 3:21-cv-00881, both filed ***April 18, 2021***, almost a month before case 3:21-cv-01010.  Case 3:21-cv-880 is before Senior Judge Cummings in Lubbock and case 3:21-cv-00881 is before Judge Starr, who also presides over another Note Case, 3:21-cv-01378.  Because the purpose of the consolidation rule is to promote judicial efficiency, Defendants request that the Note Cases be consolidated before Judge Starr, who already presides over two of the five cases, and several other cases arising out of the Highland Bankruptcy.

### III.     CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that their Motion to Consolidate be granted.

Dated: December 10, 2021

---

[8] *Id.*

[9] *See* Appx., Exhibit 1, *Email from D. Deitsch-Perez to J. Morris*, dated December 7, 2021.

[10] *See* Appx., Exhibit A, *Declaration of Deborah Deitsch-Perez in Support of Motion to Consolidate the Note Cases,* dated December 10, 2021, ¶ 4.

Respectfully submitted,

*/s/Deborah Deitsch-Perez*
Deborah Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com
**ATTORNEYS FOR JAMES DONDERO, NANCY DONDERO, HIGHLAND CAPITAL MANAGEMENT SERVICES, INC. AND NEXPOINT REAL ESTATE PARTNERS, LLC**

*/s/Clay M. Taylor*
Clay M. Taylor
State Bar No. 24033261
Bryan C. Assink
State Bar No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: bryan.assink@bondsellis.com
**ATTORNEYS FOR JAMES DONDERO**

CORE/3522697.0002/171412238.13

/s/Daniel P. Elms
Daniel P. Elms
State Bar No. 24002049
GREENBERG TRAURIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
(214) 665-3600 telephone
(214) 665-3601 facsimile
Email: elmsd@gtlaw.com
**ATTORNEYS FOR NANCY DONDERO**

/s/Douglas S. Draper
Douglas S. Draper (La. Bar No. 5073)
Leslie A. Collins (La. Bar No. 14891)
Greta M. Brouphy (La. Bar No. 26216)
HELLER, DRAPER & HORN, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130
(504) 299-3300 telephone
(504) 299-3399 facsimile
Email: ddraper@hellerdraper.com
Email: lcollins@hellerdraper.com
Email: gbrouphy@hellerdraper.com
**ATTORNEYS FOR THE DUGABOY INVESTMENT TRUST**

/s/Davor Rukavina
Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email:  drukavina@munsch.com

**ATTORNEYS FOR NEXPOINT ADVISORS, L.P. AND HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.**

7

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on December 10, 2021, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on all parties who are registered to receive notices in this case.

/s/ *Deborah Deitsch-Perez*
Deborah Deitsch-Perez